UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ARTHUR W. KRIEGSMANN;<br>JPMORGAN CHASE BANK N.A.,<br><br>        Defendants. | Case No. 15-cv-2744-BAS-BGS<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
|---|---|

On March 23, 2016, the Clerk of the Court entered default against Defendant Arthur Kriegsmann. (ECF No. 11.) On April 15, 2016, Kriegsmann moved to set aside the entry of default. (ECF No. 15.) In response, Plaintiff United States of America ("United States" or "Government") has filed a statement of non-opposition. (ECF No. 16.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Kriegsmann's Motion to set aside the default.

**I.    BACKGROUND**

The Government commenced this civil action on December 8, 2015, seeking to reduce to judgment outstanding federal tax liabilities of approximately $1.3

million assessed and accrued against Kriegsmann and to foreclose federal tax liens on real property. (ECF No. 1.) Kriegsmann was served with the Government's complaint on January 23, 2016. (ECF No. 5.) On February 1, 2016, Kriegsmann responded to the complaint by filing an "Ex Parte Letter Requesting Dismissal of Case," which the Court rejected as an improper ex parte communication. (ECF No. 3.) On March 10, 2016, Kriegsmann filed an answer to the complaint that was rejected by the Court on March 21, 2016 for failure to meet formatting requirements. (ECF No. 6.) On March 22, 2016, the Government requested the Clerk of the Court to enter default against Kriegsmann (ECF No. 8), which the Clerk did on March 23, 2016 (ECF No. 11).

Kriegsmann now moves to set aside the default. He also has filed nunc pro tunc to April 4, 2016 another answer to the Government's complaint. (ECF No. 13.) The Government affirmatively states that it does not oppose Kriegsmann's motion to set aside the default. (ECF No. 16.)

## II.     LEGAL STANDARD

If a complaint is properly served, failure to make a timely answer or otherwise defend will justify entry of default. Fed. R. Civ. P. 55(a). Under Rule 55(c) of the Federal Rules of Civil Procedure, the court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The court's good cause analysis considers the following three so-called "*Falk* factors": "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). These factors are disjunctive and a district court may deny a motion to set aside default if any of the three factors is true. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.,* 375 F.3d 922, 926 (9th Cir. 2004). Nonetheless, a district court is not, as a matter of law, required to deny a motion to set aside entry of default upon a finding of any of the factors. *See Brandt,* 653 F.3d at 1111. The

1  defendant moving to set aside default bears the burden of showing that any of these
2  factors favor setting aside default. *Id.*

3  **III.   DISCUSSION**

4  Here, the balance of the *Falk* factors weighs in favor of setting aside the entry
5  of default. First, there is no indication that setting aside the default will prejudice the
6  United States' ability to pursue its claim. Indeed, the United States has expressly
7  indicated it does not oppose Kreigsmann's motion. (ECF No. 16.) Second, although
8  the strength of Kreigsmann's defense may be an open question, it does not appear
9  frivolous. If anything, the Court finds this factor to be neutral. Third, Kreigsmann did
10 not "intentionally" fail to answer the complaint, as required for finding his failure to
11 file to be culpable conduct under the *Falk* standard. *See TCI Grp. Life Ins. Plan v.*
12 *Knoebber*, 244 F.3d 691 (9th Cir. 2001) (citation omitted), overruled in part on other
13 grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Indeed, the
14 record indicates that Kreigsmann attempted to timely answer the complaint on two
15 occasions prior to the Government's request for default, but had those filings rejected
16 for formatting and other discrepancies. (ECF Nos. 3, 6.) Kreigsmann did not act "with
17 bad faith, such as an intention to take advantage of the opposing party . . . or otherwise
18 manipulate the legal process." *United States v. Signed Pers. Check No. 730 of Yubran*
19 *S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal quotations omitted). Thus,
20 taking into account the circumstances presented, the Court finds it appropriate to set
21 aside the default.

22 **IV.   CONCLUSION**

23 For the foregoing reasons, the Court **GRANTS** Kreigsmann's Motion to set
24 aside the entry of default. (ECF No. 15.) Kreigsmann's answer filed nunc pro tunc
25 to April 4, 2016 is the operative answer.

26 //
27 //
28 //

1 | //

2 |     **IT IS SO ORDERED.**

4 | **DATED: June 9, 2016**

                                          Hon. Cynthia Bashant
                                          United States District Judge