1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10
11 UNITED STATES OF AMERICA,          Case No. 15-cv-02744-BAS-BGS
12                         Plaintiff,   **ORDER OF FORECLOSURE AND JUDICIAL SALE**
13        v.
14 ARTHUR W. KRIEGSMANN; JP MORGAN CHASE BANK N.A.,
15                         Defendants.
16
17
18

19        This Order of Foreclosure and Judicial Sale is entered pursuant to the

20 provisions of 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403. The

21 Court hereby ORDERS as follows:

22        1.      On August 10, 2017, the United States of America, Arthur W.

23 Kriegsmann, and JPMorgan Chase Bank N.A., filed a Joint Motion to Enter Judgment

24 and for Order of Foreclosure and Judicial Sale (Joint Motion).

25        2.      Pursuant to the Joint Motion, the United States of America is entitled to

26 the relief requested in Count I of its Complaint and is entitled to a total judgment

27 against Arthur W. Kriegsmann for unpaid taxes liabilities in the total amount of

28 $1,245,434.73 as of December 31, 2015, less any additional credits according to

proof, plus statutory interest and other statutory additions as provided by law, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c), until paid

3.     This Order pertains to two parcels of real property commonly referred to as 12675 Spindletop Road, San Diego, California 92129 (Subject Property). The parcels are more particularly described as follows:

PARCEL 1:

Lot 260 of PENASQUITOS PARK UNIT NO. 4 in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 11213, filed in the office of the County Recorder of said County April 24, 1985.

PARCEL 2:

A non-exclusive easement appurtenant to Lot 260 on, over, and across those portions of Lot 261 described as Side Yard Easement in Article II, Section 2 of the Declaration, together with the rights appurtenant to Lot 260 to use portions of lot 259 as set forth in Article II, Section 2(e) of the Declaration.

4.     On or about January 31, 1992, Arthur W. Kriegsmann executed a promissory note dated January 29, 1992 (Note), promising to pay Coast Federal Bank the principal sum of $150,750.00, plus interest and other costs contained in the Note. The Note is secured by a Deed of Trust, encumbering the Subject Property. The Deed of Trust was recorded on or about February 4, 1992 with the San Diego Recorder's Office. JPMorgan Chase Bank N.A. is the successor of the beneficial secured interest under the Note.

5.     As more thoroughly described in the parties' JOINT MOTION TO ENTER JUDGMENT AND FOR ORDER OF FORECLOSURE AND JUDICIAL SALE, the United States' tax liens are subordinate to the priority secured interests of Defendant JPMorgan Chase Bank, N.A. and JPMorgan's Lien on the Subject Property. The rights of JPMorgan Chase Bank, N.A. and its interests in the JPMorgan Lien and Subject Property are not affected by this action. In addition, JPMorgan

Chase Bank, N.A. is not prevented from pursuing any of its rights and remedies arising from the Note, Deed of Trust and Modification including, but not limited to, receiving payments on the Note and pursuing its own foreclosure upon default under the Note, Deed of Trust and Modification.

6.      The United States has valid and subsisting tax liens on all property and rights to property of Arthur W. Kriegsmann, including both parcels making up the Subject Property, arising from the assessment described in Paragraph 13 of the United States' Complaint (ECF Doc. 1), which liens are effective as of the dates of those assessments. The United States further protected its liens by filing Notices of Federal Tax Liens with the County Recorder for San Diego County as follows:

| Tax Period | Tax Type | NFTL Filed | NFTL Refiled |
|---|---|---|---|
| 199612 | § 6672 | 12/23/2003 | 05/08/2013 |
| 199712 | § 6672 | 12/23/2003 | 05/08/2013 |
| 200103 | § 6672 | 12/23/2003 | 06/24/2004 05/08/2013 04/16/2014 04/17/2014 |
| 200106 | § 6672 | 06/24/2004 | 04/16/2014 04/17/2014 |
| 200203 | § 6672 | 12/23/2003 | 06/24/2004 05/08/2013 04/16/2014 04/17/2014 |
| 200206 | § 6672 | 12/23/2003 | 05/08/2013 |
| 200412 | § 6700 | 08/22/2007 | 09/08/2015 |
| 200509 | § 6672 | 08/22/2007 | |
| 200512 | § 6672 | 08/22/2007 | |
| 200603 | § 6672 | 08/22/2007 | |
| 200812 | § 6672 | 11/24/2010 | |

– 3 –

| | | | |
|---|---|---|---|
| 200903 | § 6672 | 11/24/2010 | |
| 200906 | § 6672 | 11/24/2010 | |

7.    26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Arthur W. Kriegsmann.

8.    The United States' federal tax liens against the Subject Property are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§2001 and 2002 to offer for public sale and to sell Parcel 1 and Parcel 2 of the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshall or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

9.    The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

10.    The terms and conditions of the sale are as follows:

a.    Except as otherwise stated herein, the sale of Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

15cv2744

b.     The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.     The sales shall be held at the United States District Court for the Southern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

d.     Notice of the sales shall be published once a week for at least four consecutive weeks before the date fixed for the sales in at least one newspaper regularly issued and of general circulation in San Diego County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales. The notice or notices of sale shall describe Parcel 1 and Parcel 2 of the Subject Property, separately, and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e.     The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder. However, the United States agrees to set a minimum bid for the Subject Property at no less than the amount which will cover the United States' costs of sale, plus any outstanding real property tax liens of San Diego County, if any exist, plus the balance due on JPMorgan's Lien (inclusive of attorney's

fees and costs as provided for in JPMorgans's Lien).

f.     Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Southern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.     The balance of the purchase price of each parcel of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Southern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Arthur W. Kriegsmann. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder or bidders (if there are multiple sales). The United States may bid as a credit against its judgment without tender of cash.

h.     The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.     Upon confirmation of the sale or sales, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying Parcel 1 and Parcel 2 of the Subject Property to the purchaser or

1    purchasers.

2          j.      Upon confirmation of the sale or sales, the interests of, liens

3    against, or claims to the residence and to the lot held or asserted by the United

4    States in the Complaint and any other parties to this action or any successors

5    in interest or transferees of those parties shall be discharged and extinguished.

6    The sale is ordered pursuant to 28 U.S.C. §2001. Redemption rights under state

7    or local law shall not apply to this sale under federal law.

8          k.      Upon confirmation of the sale or sales, the purchaser or

9    purchasers shall have the Recorder of San Diego County, California cause the

10   transfer of the Subject Property to be reflected in the San Diego County

11   property records.

12

13   11.    Until Parcel the Subject Property is sold, Arthur W. Kriegsmann shall

14   take all reasonable steps necessary to preserve the residence and the lot (including all

15   buildings, improvements, fixtures, and appurtenances thereon) including, without

16   limitation, maintaining fire and casualty insurance policies on the Subject Property.

17   He shall keep current in paying real property taxes as they are assessed by San Diego

18   County, California. He shall not commit waste against the Subject Property, nor shall

19   he cause or permit anyone else to do so. He shall not do anything that tends to reduce

20   the value or marketability of the Subject Property, nor shall he cause or permit anyone

21   else to do so. He shall not record any instruments, publish any notice, or take any

22   other action that may directly or indirectly tend to adversely affect the value of the

23   Subject Property or that may tend to deter or discourage potential bidders from

24   participating in the public sale, nor shall he cause or permit anyone else to do so.

25   Violation of this paragraph shall be deemed a contempt of Court and punishable as

26   such. The stay of this Order, described in Paragraph 16, below, shall be lifted by the

27   Court in the event any of the provisions of this paragraph are violated.

28       12.    All persons occupying the Subject Property shall leave and vacate

permanently such properties no later than the day after the stay of this Order, described in Paragraph 16, below, expires, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the residence or the vacant lot by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

13.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale or sales of each parcel of the Subject Property are confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

14.     If Arthur W. Kriegsmann, or any other person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 12, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413. If Arthur W. Kriegsmann vacates the Subject Property prior to the deadline set forth in Paragraph 10, he shall file a forwarding address with the Court within 15 days of vacating the property and shall

serve a copy of the same upon the United States and all other parties to this litigation.

15.     The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to San Diego County for any San Diego County property tax liens upon the real property entitled to priority over prior security interests; third, to JPMorgan Chase Bank N.A. to fully satisfy its remaining secured interest in the Subject Property; and fourth, to the United States of America to partially satisfy the federal tax liabilities of Arthur W. Kriegsmann.

16.     This Order is stayed until the earlier of (1) Arthur W. Kriegsmann's death, (2) the date after Arthur W. Kriegsmann no longer lives on the Subject Property, or (3) Arthur W. Kriegsmann breaches the terms of his agreements with the United States, which was executed by him on April 20, 2017, except for the provisions contained in Paragraphs 1 and 11, above, which shall take effect on the date on which this Order is signed. If Arthur W. Kriegsmann moves or otherwise no longer lives on the subject property, he must contact the Department of Justice of such fact by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413.

17.     Upon entry of this Order, the Court will administratively close this case but retain jurisdiction over the case. The United States will not need to seek further approval of the Court in order to sell the subject property at a judicial sale once the events described in Paragraph 14, above, occur and the stay of this Order is automatically lifted.

18.     When and if the Subject Property is sold by the United States, JPMorgan

Chase Bank N.A.'s lien will be paid in full from the sale proceeds before the federal tax liens or any other junior lienholders.

19.     Arthur W. Kriegsmann and JPMorgan Chase Bank N.A. are automatically dismissed from the case once the stay of the Order of Foreclosure and Judicial Sale is automatically lifted. Arthur W. Kriegsmann waives any right to further notice of the judicial sale, and they waive any right to receive notice or to be heard regarding the eventual judicial sale of the subject property or the distribution of any sale proceeds. JPMorgan Chase Bank N.A. does not waive its rights to further notice of the judicial sale, confirmation of sale, or the distribution of proceeds.

**IT IS SO ORDERED**.


**DATED:  August 29, 2017**


**Hon. Cynthia Bashant**
**United States District Judge**